IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| MSN PHARMACEUTICALS INC. and MSN LABORATORIES PVT. LTD., | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex"), by its undersigned attorneys, for its Complaint against Defendants MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") and MSN Laboratories Pvt. Ltd. ("MSN Laboratories") (collectively, "MSN" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221339 to the United States Food and Drug Administration ("FDA"), seeking approval to market a generic version of Vertex's KALYDECO® (ivacaftor) tablets prior to the expiration of patents which cover, *inter alia*, KALYDECO® and its use.

2. In ANDA No. 221339, Defendants seek approval to commercially market a generic version of Vertex's KALYDECO® tablets prior to the expiration of United States Patent Nos. 10,646,481 (the "'481 patent"), 11,564,916 (the "'916 patent"), and 12,458,635 (the "'635 patent"), which are owned by Vertex.

**THE PARTIES**

3.      Plaintiff Vertex is a corporation organized and existing under the laws of Massachusetts with its principal place of business at 50 Northern Avenue, Boston, MA 02210. Vertex is a biopharmaceutical company committed to improving the lives of patients worldwide.  Vertex focuses on the pursuit of medical research to create transformative medicines for people with serious and life-threatening diseases, such as cystic fibrosis.

4.      Upon information and belief, Defendant MSN Pharmaceuticals Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.  Upon information and belief, Defendant MSN Pharmaceuticals Inc. is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the United States market.

5.      Upon information and belief, Defendant MSN Laboratories Pvt. Ltd. is a private limited company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad, 500018, Telangana, India.  On information and belief, MSN Laboratories Pvt. Ltd. is in the business of, among other things, developing, manufacturing, selling, marketing, and distributing generic versions of branded pharmaceutical drugs through various operating subsidiaries, including MSN Pharmaceuticals Inc.

6.      Upon information and belief, MSN Pharmaceuticals Inc. is a wholly owned subsidiary of MSN Laboratories Pvt. Ltd.

**THE PATENTS-IN-SUIT**

7.      On May 12, 2020, the United States Patent and Trademark Office duly and legally issued the '481 patent, entitled "Pharmaceutical Composition and Administrations Thereof," to Vertex as assignee.  A copy of the '481 patent is attached to this Complaint as Exhibit A.

2

8.     On January 31, 2023, the United States Patent and Trademark Office duly and legally issued the '916 patent, entitled "Pharmaceutical Composition and Administrations Thereof," to Vertex as assignee.  A copy of the '916 patent is attached to this Complaint as Exhibit B.

9.     On November 4, 2025, the United States Patent and Trademark Office duly and legally issued the '635 patent, entitled "Pharmaceutical Composition and Administrations Thereof," to Vertex as assignee.  A copy of the '635 patent is attached to this Complaint as Exhibit C.

10.     Vertex is the lawful owner of and holds all rights, titles, and interests in the patents-in-suit.

## KALYDECO®

11.     Vertex holds approved New Drug Application ("NDA") No. 203188 ("Vertex's NDA") for the use of ivacaftor 150 mg tablets ("Vertex's NDA Product") for the treatment of cystic fibrosis ("CF") in patients aged six and older who have one mutation in the cystic fibrosis transmembrane conductance regulator ("CFTR") gene that is responsive to ivacaftor based on clinical and/or *in vitro* assay data.  Vertex sells the ivacaftor tablets under the trade name KALYDECO®.

12.     Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '481, '916, and '635 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Vertex's NDA.

## MSN'S ANDA

13.     Upon information and belief, Defendant MSN Pharmaceuticals Inc. acted in concert with Defendant MSN Laboratories Pvt. Ltd. to prepare and submit ANDA No. 221339 ("MSN's ANDA") to the FDA.  Defendants submitted MSN's ANDA, pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, offer for sale,

and/or importation of 150 mg ivacaftor tablets ("MSN's ANDA Product"), which are based on Vertex's NDA Product, before the expiration of the '481, '916, and '635 patents.

14.     Upon information and belief, MSN's ANDA refers to and relies upon Vertex's NDA and contains data that, according to Defendants, demonstrates the bioequivalence of MSN's ANDA Product to Vertex's NDA Product.

15.     By letter to Vertex dated February 4, 2026 ("MSN's February 4, 2026 Paragraph IV Notice Letter"), Defendant MSN Pharmaceuticals Inc. stated that MSN's ANDA contained a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the '481, '981, and '635 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of MSN's ANDA Product (the "February 4, 2026 Paragraph IV Certification"). Defendant MSN Pharmaceuticals Inc. attached an exhibit to its February 4, 2026 letter, in which it purported to allege the factual and legal bases for its February 4, 2026 Paragraph IV Certification.

16.     Upon information and belief, if the FDA approves MSN's ANDA, Defendants will manufacture, distribute, import, offer for sale and/or sell MSN's ANDA Product throughout the United States, including within the State of Delaware.

17.     This action is being filed within 45 days of Vertex's receipt of MSN's February 4, 2026 Paragraph IV Notice Letter.

## JURISDICTION AND VENUE

18.     This case arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has jurisdiction over its subject matter under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

19.     This Court has personal jurisdiction over Defendant MSN Laboratories Pvt. Ltd. because of its regular transaction and/or solicitation of business in this State.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption

4

in Delaware, and throughout the United States, Defendant MSN Laboratories Pvt. Ltd. has engaged in the regular conduct of business within this judicial district.

20. In addition, this Court has personal jurisdiction over Defendant MSN Laboratories Pvt. Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with the State of Delaware. Upon information and belief, Defendant MSN Pharmaceuticals Inc., a wholly owned subsidiary of MSN Laboratories Pvt. Ltd., is incorporated in Delaware.

21. Defendants filed ANDA No. 221339 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product in the United States, including in Delaware. Upon information and belief, upon approval of ANDA No. 221339, Defendants will market, distribute, offer for sale, and/or sell MSN's ANDA Product in the United States, including in Delaware.

22. This Court has personal jurisdiction over Defendant MSN Pharmaceuticals Inc. because, among other things, it is a corporation formed under the laws of the state of Delaware and has appointed a registered agent in Delaware to accept service of process. Defendant MSN Pharmaceuticals Inc. has therefore purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.

23. Upon information and belief, Defendant MSN Pharmaceuticals Inc. markets, distributes, offers for sale, and/or sells in Delaware and elsewhere in the United States generic pharmaceutical products. Upon information and belief, upon approval of ANDA No. 221339, Defendant MSN Pharmaceuticals Inc. will market, distribute, offer for sale, and/or sell MSN's ANDA Product in the United States, including in Delaware.

24. Upon information and belief, Defendants have previously consented to suit in this judicial district and have not challenged personal jurisdiction. Defendants have further availed themselves of the jurisdiction of this Court by previously asserting counterclaims in this jurisdiction. *See, e.g.*, *Bayer Healthcare Pharmaceuticals Inc. et al v. MSN Pharmaceuticals*

*Inc. et al*, 1:25-cv-01281-JLH, D.I. 16 (D. Del. Jan. 28, 2026); *Exelixis Inc. v. MSN Pharmaceuticals Inc. et al*, 1:25-cv-00346-RGA, D.I. 9 (D. Del. Apr. 10, 2025); *Acerta Pharma B.V. et al v. MSN Pharmaceuticals Inc. et al*, 1:24-cv-00587-GBW, D.I. 9 (D. Del. Jan. 10, 2025); *Astellas Pharma Inc. et al v. MSN Pharmaceuticals Inc. et al*, No. 1:23-cv-00486-JFB-EGT, D.I. 12 (D. Del. June 23, 2023).

25.    Venue is proper in this Court for Defendant MSN Laboratories Pvt. Ltd. under 28 U.S.C. § 1391(c)(3) because MSN Laboratories Pvt. Ltd., on information and belief, is not a resident of the United States and may thus be sued in any judicial district.

26.    Venue is proper in this Court for Defendant MSN Pharmaceuticals Inc. under 28 U.S.C. § 1400(b) because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 10,646,481**

27.    Vertex hereby realleges and incorporates by reference the allegations of paragraphs 1 to 26 of this Complaint.

28.    Defendants have infringed one or more claims of the '481 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining MSN's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of MSN's ANDA Product prior to the expiration of the '481 patent.

29.    Defendants' commercial manufacture, sale, offer for sale, or use of MSN's ANDA Product within the United States, or importation of MSN's ANDA Product into the United States, during the term of the '481 patent would infringe, induce the infringement, and/or contribute to the infringement of one or more claims of the '481 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

30. Upon information and belief, Defendants have acted with full knowledge of the '481 patent and without a reasonable basis for believing that they would not be liable for infringement of the '481 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of MSN's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '481 patent.

31. Upon information and belief, if the FDA approves MSN's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '481 patent, and will do so immediately and imminently upon approval.

32. Upon information and belief, Defendants know that MSN's ANDA Product is especially made or adapted for use in infringing the '481 patent, and that MSN's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '481 patent immediately and imminently upon approval of MSN's ANDA.

33. Vertex will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '481 patent.

34. Vertex has no adequate remedy at law.

35. Vertex is entitled to a permanent injunction against further infringement under 35 U.S.C. § 283.

36. Vertex is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 11,564,916

37. Vertex hereby realleges and incorporates by reference the allegations of paragraphs 1 to 26 of this Complaint.

38.     Defendants have infringed one or more claims of the '916 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining MSN's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of MSN's ANDA Product prior to the expiration of the '916 patent.

39.     Defendants' commercial manufacture, sale, offer for sale, or use of MSN's ANDA Product within the United States, or importation of MSN's ANDA Product into the United States, during the term of the '916 patent would infringe, induce the infringement, and/or contribute to the infringement of one or more claims of the '916 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

40.     Upon information and belief, Defendants have acted with full knowledge of the '916 patent and without a reasonable basis for believing that they would not be liable for infringement of the '916 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of MSN's ANDA Product with its proposed labeling immediately and imminently upon approval of MSN's ANDA.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '916 patent.

41.     Upon information and belief, if the FDA approves MSN's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '916 patent, and will do so immediately and imminently upon approval.

42.     Upon information and belief, Defendants know that MSN's ANDA Product is especially made or adapted for use in infringing the '916 patent, and that MSN's ANDA Product is not suitable for any substantial non-infringing use.  Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '916 patent immediately and imminently upon approval of MSN's ANDA.

43.     Vertex will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '916 patent.

44.     Vertex has no adequate remedy at law.

45.     Vertex is entitled to a permanent injunction against further infringement under 35 U.S.C. § 283.

46.     Vertex is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 12,458,635

47.     Vertex hereby realleges and incorporates by reference the allegations of paragraphs 1 to 26 of this Complaint.

48.     Defendants have infringed one or more claims of the '635 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining MSN's ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of MSN's ANDA Product prior to the expiration of the '635 patent.

49.     Defendants' commercial manufacture, sale, offer for sale, or use of MSN's ANDA Product within the United States, or importation of MSN's ANDA Product into the United States, during the term of the '635 patent would infringe, induce the infringement, and/or contribute to the infringement of one or more claims of the '635 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

50.     Upon information and belief, Defendants have acted with full knowledge of the '635 patent and without a reasonable basis for believing that they would not be liable for infringement of the '635 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of MSN's ANDA Product with its proposed labeling

immediately and imminently upon approval of MSN's ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '635 patent.

51.     Upon information and belief, if the FDA approves MSN's ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '635 patent, and will do so immediately and imminently upon approval.

52.     Upon information and belief, Defendants know that MSN's ANDA Product is especially made or adapted for use in infringing the '635 patent, and that MSN's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '635 patent immediately and imminently upon approval of MSN's ANDA.

53.     Vertex will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '635 patent.

54.     Vertex has no adequate remedy at law.

55.     Vertex is entitled to a permanent injunction against further infringement under 35 U.S.C. § 283.

56.     Vertex is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vertex prays for a judgment in its favor and against Defendants and respectfully requests the following relief:

A.     A judgment that Defendants have infringed the '481, '916, and '635 patents pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 221339;

10

B.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 221339 shall be a date not earlier than the expiration of the '481, '916, and '635 patents, or any later expiration of exclusivity to which Vertex is or becomes entitled;

C.      A judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product will directly infringe, induce and/or contribute to infringement of the '481, '916, and '635 patents;

D.      A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling MSN's ANDA Product within the United States, or importing MSN's ANDA Product into the United States, prior to the expiration of the '481, '916, and '635 patents, or any later expiration of exclusivity to which Vertex is or becomes entitled;

E.      A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using offering to sell, or selling MSN's ANDA Product within the United States, or importing MSN's ANDA Product into the United States, before the expiration or the '481, '916, and '635 patents, including any extensions;

F.      If Defendants commercially manufacture, use, offer to sell, or sell MSN's ANDA Product within the United States, or import MSN's ANDA Product into the United States, prior to the expiration of the '481, '916, and '635 patents, including any extensions, a judgment awarding damages to Vertex resulting from such infringement, together with interest;

G.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Vertex its attorneys' fees incurred in this action;

H.      A judgment awarding Vertex costs and expenses incurred in this action; and

I.      Such further and other relief as this Court may deem just and proper.

11

12

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Megan E. Dellinger (#5739)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mdellinger@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiff Vertex Pharmaceuticals
Incorporated*

OF COUNSEL:

Alison Hanstead
Kevin Georgek
Alexandra J. Cho
Samantha J. Kokonis
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

C. Sebastian Zonte
Elizabeth K. Chang
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071
(213) 620-7700

March 20, 2026

12